IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMMY BYNUM INTEREST, INC. | § § § § § § § § § § | |
| *Plaintiff / Counter-Defendant,* | | |
| v. | | CIVIL ACTION NO. 4:16–CV–1005 |
| RYAN COMPANIES US, INC. | | |
| *Defendant / Counter-Plaintiff.* | | |

**PLAINTIFF'S REQUESTED RESPONSE LETTER STATING POSITION REGARDING DISCOVERY DISPUTE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Tammy Bynum Interest, Inc. ("Plaintiff") hereby files this Response Letter stating its Position regarding ongoing discovery disputes with Defendant.

Through discovery inquiries, Plaintiff has discovered a defect, which rendered the Plaintiff entity not in good standing with the Texas Comptroller Office at the time of the filing of this lawsuit. In the interest of continuing on with this litigation, it is imperative that Plaintiff institute actions to remedy its standing with the Texas Comptroller's Office before proceeding further with litigation. This process is of seminal importance to preserving the Parties' and the Court's time and resources, and Plaintiff seeks time to complete this task before further discovery takes place. Contemporaneously with the filing of this Response Letter, Plaintiff has filed a Motion to Abate Proceedings, requesting enough time as the Court will allow to remedy Plaintiff's standing with the Texas Comptroller's Office. A district court has the power to control its own docket and the discretion to stay proceedings. See *Moses H. Cone Mem'l Hosp.*

*v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n.23 (1983); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  In the case at hand, the interests of judicial economy would be served by a temporary abatement of Defendant's Motion to Dismiss while the Parties engage in initial discovery that could result in the expeditious resolution of this case.  Accordingly, Plaintiff respectfully requests that the Court abate these proceedings for thirty (30) days to cure such defects.

Also, contemporaneously with this filing, Plaintiff's counsel has filed a Motion to Withdraw as Counsel.  In addition to this filing, Plaintiff has provided Defendant's counsel with the name and contact information of Tammy Bynum Interest, Inc.'s principal agent.

Plaintiff requests that the Court grant his Motion to Abate Proceedings, and grant such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

HARRISON & DIETRICH, PLLC
215 Simonton Street
Conroe, Texas 77301
Tel. (936) 828-3898
Fax. (936) 828-3965

By: _____
William E. Harrison
Texas Bar No. 00789780
Email: conroeattorney@yahoo.com
Attorney for Plaintiff, Tammy Bynum Interest, Inc.

## CERTIFICATE OF SERVICE

I certify that on March 13, 2017, a true and correct copy of Plaintiff's Response Letter was served via electronic delivery to:

William B. Davis (attorney-in-charge)
ANDREWS MYERS, P.C.
3900 Essex Lane, Suite 800
Houston, TX 77027
TBN: 24067569
Fed. Bar No.: 1010783
wdavis@andrewsmyers.com

_____
William E. Harrison
E-mail: conroeattorney@yahoo.com